Nash, J.
 

 The Court concurs with the presiding Judge on both points. The deed of trust, so far as this case is concerned, is a conveyance of land, and, under the pro
 
 *32
 
 visions of the Act of Assembly, Rev. Slat. ch. 37, s. 2, can be read in evidence on its registration, without producing the subscribing witnesses. Such has been the uniform construction given to the act by our Courts, and such their uniform practice. With respect to slaves, the law is different. The 21st sec. provides that, on all trials at law for a slave, when a written transfer is offered in evidence, its due and fair execution shall be proved by a subscribing witness*
 
 Andrews and Shaw,
 
 4 Dev. 71. In this case the deed was duly proved, and has been duly registered, and is properly certified by the proper officer. We think the testimony offered, to show what had been testified to by Gen. Gray, upon the trial of the indictment against the defendant, was properly rejected. Jt is a general rule of evidence, that the best which the nature of the case admits of, and which is in the power of the party, shall be produced; and the jury trying a cause cannot, without the consent of parties, listen to any evidence, except it be given on oath* These two rules exclude all hear-say evidence, but in a few excepted cases — among these are general reputation and pedigree. So also, what a witness has sworn on a former trial, between the same parties, on the same subject matter, may, in case of his death, be proved in' chief by any person present, and who heard his testimony — so, what a party to the record has said, concerning the matter in controversy, is always evidence against him, but not against a third party when uttered in his absence; nor does this come within any of the excepted cases. But a full and complete answer to the proposition of the defendant is, that Gen. Gray is alive and could have been called by the defendant to the fact he wished to prove, and neither of the parties claim under him. We say he is alive, because the case does not state that he is dead, hr looking into the deed of trust, We find that a debt, due to him from the defendant, is secured in it, and he is a party to the deed. He could not, then, perhaps, have been called by
 
 *33
 
 the plaintiff to sustain the deed, because he would have been securing a fund, to which with others he was entitled ; but he was unquestionably a competent witness to attack the deed, because he would be swearing against his interest. In England, up to the 46th of George the 3d, ch. 37, it was a vexed question, whether a witness was bound to answer a question, when the answer might expose him to civil liabilities. Contradictory decisions were made. To remove the doubt and declare the law, that act was passed. 1 Stark, on Evi. 141. In the case of
 
 Jones
 
 v.
 
 Lanier and others,
 
 2 Dev. 481, this Court declare, such was the law before the passage of that statute,' and so decide. Gen. Gray, then, if called as a witness, could not have protected himself from answering the defendant’s questions, on the ground that the answer might subject him to pecuniary loss. Nor is the principle of its being liear-say evidence weakened by the fact, that what was said by Gen. Gray was on oath on the trial of the defendant. If Gen. Gray had been dead, the testimony offered would not have been competent, because the real plaintiffs in this case were not parties to that suit; it was
 
 res inter alios acta.
 
 The testimony of a witness given in a case, after his death, can be proved in chief, only between the same parties when the same matter is in litigation; for the reason, that it would otherwise be made to affect others, who had no opportunity of cross-examining the witness, which is one of the ordinary tests provided by law for the ascertainment of truth in Courts of justice. 1
 
 Stark.
 
 Ev. 34.
 

 Per Curiam. Judgment affirmed.